IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HENDERSON STATE BANK,

        Plaintiff,

vs.

MONTE LOWDERMAN and
LOWDERMAN AUCTION OPTIONS,
INC.,

        Defendants.

8:20CV47

**MEMORANDUM
AND ORDER**

In response to Plaintiff's Motion for Partial Summary Judgment (Filing 65)—which was filed 18 days after Defendants received Plaintiff's document production containing roughly 4700 documents (Filing 74-1, Decl. Brian J. Brislen ¶¶ 16-18)—Defendants have filed a Rule 56(d)[1] Motion (Filing 72-1[2]) asking this court to deny without prejudice or defer consideration of Plaintiff's Motion for Partial Summary Judgment to allow Defendants to engage in discovery to appropriately respond to Plaintiff's Motion.

---

[1] Fed. R. Civ. P. 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

[2] The second part of Filing 72 is a Motion to Stay or Extend Progression Deadlines to allow time for additional discovery and to account for the court's pending determination on whether third parties may be impleaded into this case. (Filing 72-2.)

## BACKGROUND

Plaintiff moves for partial summary judgment (Filing 65) on its third claim for relief in its First Amended Complaint (Filing 29)—that is, that Defendant Lowderman is liable to Plaintiff as to four checks signed by Lowderman and made payable to Nathan Kolterman. Such checks were deposited into Kolterman's account at Plaintiff Henderson State Bank, and Plaintiff gave credit to Kolterman for the checks. Lowderman later stopped payment on the four checks, which caused Plaintiff to incur a loss. Plaintiff claims that it is a holder in due course of the four checks and that it took the checks in good faith for value without notice of any defenses or claims against it. (Filing 29 ¶¶ 59-81.)

Defendants affirmatively allege that Plaintiff is not a holder in due course and fails to meet the requirements of Neb. Rev. Stat. U.C.C. § 3-302[3]; that Plaintiff knew

---

[3] This statute provides in part:

(a) Subject to subsection (c) and section 3-106(d), "holder in due course" means the holder of an instrument if:

> (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

> (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 3-306, and (vi) without notice that any party has a defense or claim in recoupment described in section 3-305(a).

Neb. Rev. Stat. U.C.C. § 3-302 (Westlaw 2020).

or should have known that the four checks were subject to claims and defenses when it accepted such checks; that Lowderman is entitled to the defenses identified in Neb. Rev. Stat. U.C.C. § 3-305; that Plaintiff and its agents or representatives did not, in good faith, make the funds represented by such checks available; that any losses sustained by Plaintiff were caused by the unlawful, illegal, or fraudulent conduct of third parties over which Lowderman had no control; and that Plaintiff and its agents or representatives were comparatively negligent for funding the checks presented and deposited by Kolterman. (Filing 30, Answer to First Amended Complaint at CM/ECF pp. 11-12.)

## STANDARD OF REVIEW

"The general rule is that summary judgment is appropriate only after the nonmovant has had adequate time for discovery." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (internal quotation marks and citation omitted). Relief under Fed. R. Civ. P. 56(d) is available "if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Johnson v. Moody*, 903 F.3d 766 (8th Cir. 2018) (quoting *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006)).

The party seeking additional discovery must establish "(1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Jackson*, 815 F.3d at 1121 (internal quotation marks and citations omitted; alterations in original). "As to the second element, [i]t is well settled that Rule 56([d]) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]." *Id.* (alterations in original) (internal quotation marks and citation omitted). "It is not enough to present a list of facts sought to be discovered.

The nonmovant must articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Mirapex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019) (internal quotation marks and citation omitted).

A district court has "wide discretion" in ruling on a Rule 56(d) motion. *Jackson*, 815 F.3d at 1121.

## DISCUSSION

Defendants ask the court to deny Plaintiff's pending Motion for Partial Summary Judgment without prejudice or defer ruling on it until Defendants have conducted additional discovery. Far from a "fishing expedition," Defendants have set forth by declaration precise information they have sought, or plan to seek, from named individuals regarding specifically identified issues relevant to the Motion for Partial Summary Judgment and difficulties they have encountered in procuring some of the information. (Filing 74-1, Decl. Brian J. Brislen ¶¶ 14-18 (Plaintiff announced it would not produce discovery documents until parties could agree on protective order, which was not entered until Oct. 1, 2020, after which Plaintiff produced 4700 documents; Defendants' counsel e-mailed Plaintiff's counsel on Oct. 14, 2020, regarding objections and deficiencies in discovery responses; Defendants filed Motion for Partial Summary Judgment on Oct. 18, 2020).

Further, Defendants explain how these sought-after facts are essential to resist Plaintiff's Motion for Partial Summary Judgment:

> 25. Defendants reasonably believe the information, documents, and communications requested in the second set of interrogatories and requests for production of documents will support Defendant Lowderman's defense that Henderson is not a holder in due course under Neb. Rev. Stat. U.C.C. § 3-302 by providing evidence that shows, for example, that Henderson did not act in good faith and had notice of a defense against the Four Checks.

4

26. Defendants seek additional information and documents that will show Henderson's methods and practices with regard to monitoring large transactions, deposits without collected funds, the prior and subsequent activity on Kolterman's accounts at Henderson State Bank, to show, among other things, that there is a material issue of fact regarding whether Henderson acted in good faith and without notice of a defense with respect to the Four Checks.

27. Defendants may require additional documentation and information based on their potential experts[4] and what those experts may need in order to render an opinion regarding Henderson's practices and whether they comport with reasonable industry standards of fair dealing.

. . . .

33. Defendants need to depose the Henderson representatives who actually handled the deposited checks on October 24, 2018, and made funds available on either October 26, 2018 or October 29, 2018. The information is pertinent to determine whether Henderson had notice of any claim, defense, unauthorized signature or alteration, or notice of dishonor, which would show there is a material issue of fact regarding Henderson's claimed holder in due course status.

34. Defendants require evidence of when and how Henderson received notice of the stop payment order because that information is pertinent to whether Henderson acted in good faith, among other things.

35. Defendants require evidence of what, if any, funds Henderson was able to recover that were made available on the Four Checks. Defendants are entitled to conduct discovery regarding Henderson's

---

[4] Pursuant to the parties' Stipulation (Filing 84), the court entered a text order on December 1, 2020, extending the expert deadlines as follows: "Defendants' deadline to make complete expert disclosures is extended to December 14, 2020. Plaintiff's deadline to identify rebuttal experts is extended to December 23, 2020. Plaintiff's deadline to complete rebuttal expert disclosures is extended to January 21, 2021." (Filing 85.)

efforts to recover the funds it made available to Kolterman or any other individual or entity on the Four Checks.

. . . .

36. Defendant Lowderman needs to obtain additional evidence to show there is a material issue of fact regarding his defenses under Neb. Rev. Stat. U.C.C. § 3-305(a). Defendant's defenses to enforcement under § 3-305(a)(2) include lack of consideration, mistake, fraudulent inducement, and under Neb. Rev. Stat. U.C.C. § 3-305(a)(1) include illegality of the transaction and fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms. Each of these defenses to enforcement of the Four Checks are based on the actions of the third-parties Defendant seeks to implead into this action, Nathan Kolterman and Mark Ray.

37. Because Nathan Kolterman and Mark Ray's actions are a basis upon which Defendant Lowderman bases his claim to entitlement of the defenses under Neb. Rev. Stat. U.C.C. § 3-305(a), Defendant needs to gather evidence to show there is a material issue of fact regarding his entitlement to such defenses.

38. Defendant reasonably believes, and depending on the Court's determination whether these third-parties may be impleaded into this action, Defendant will need to serve either written discovery or subpoenas duces tecum on both Nathan Kolterman and Mark Ray to obtain evidence that there was no purchase or sale of cattle, which is the underlying basis for each of Defendant's defenses to enforcement of the Four Checks under U.C.C. § 3-305(a).

(Filing 74-1, Decl. Brian J. Brislen.)

Because Defendants have more than satisfied the showing required to seek additional discovery under Fed. R. Civ. P. 56(d), I shall grant Defendants' Rule 56(d)

6

Motion (Filing 72-1) and deny Plaintiff's Motion for Partial Summary Judgment (Filing 65) without prejudice to its refiling upon completion of discovery.[5]

I shall also grant in part Defendants' Motion to Stay or Extend Progression Deadlines (Filing 72-2) to allow time for additional discovery to occur and to account for the court's pending determination on whether third parties may be impleaded into this case (Filing 45). However, the time period in which discovery may occur will be limited to 90 days instead of the requested 120 days, and the scope of such discovery will be confined to Plaintiff's third claim—specifically, whether Plaintiff Henderson State Bank was a holder in due course under Neb. Rev. Stat. U.C.C. § 3-302 and whether Defendant Lowderman is entitled to the defenses in Neb. Rev. Stat. U.C.C. § 3-305(a).

Accordingly,

IT IS ORDERED:

1. Defendants' Rule 56(d) Motion for Discovery (Filing 72-1) to properly respond to Plaintiff's Motion for Partial Summary Judgment (Filing 65) is granted, and Defendants are granted 90 days from the date of this Memorandum and Order to conduct such discovery;

---

[5] The Report of Parties' Planning Conference (Filing 39 (July 17, 2020)) indicates that Plaintiff fully expected Defendants to need discovery on the holder-in-due-course issue. Specifically, the report states that Plaintiff believes summary judgment is likely on the "unpaid check claim for relief" "unless Lowderman or LAO, as appropriate, come forward with proof [Plaintiff] is not a holder in due course." (*Id.* at CM/ECF p. 5.) Defendants stated their belief that "discovery will show that he placed a 'stop payment' instruction with his bank upon learning that certain third parties improperly negotiated the check." (*Id.*) While not admitting that such proof exists, Plaintiff "acknowledge[d] [Defendants] may desire discovery from [Plaintiff] on holder in due course status." (*Id.*) Hence, Plaintiff cannot possibly be surprised at the filing of Defendants' Rule 56(d) Motion.

2. Defendants' Motion to Stay or Extend Progression Deadlines (Filing 72-2) is granted in part—that is, the operable progression deadlines are stayed pending the Magistrate Judge's ruling on the Motion for Leave to File Third-Party Complaint (Filing 45) or until further order of the court; and

3. Plaintiff's Motion for Partial Summary Judgment (Filing 65) is denied without prejudice to its refiling within 30 days after completion of the discovery referenced in paragraph (1) of this Order.

DATED this 7th day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge