IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENDERSON STATE BANK,<br><br>             Plaintiff,<br><br>vs.<br><br>MONTE LOWDERMAN, and  LOWDERMAN<br>AUCTION OPTIONS, INC.,<br><br>             Defendants. | **8:20CV47**<br><br><br>**ORDER** |

This matter is before the Court on Defendants Monte Lowderman ("Lowderman") and Lowderman Auction Options, Inc.'s ("LAO") (collectively, "Defendants") Motion for Leave to File Third-Party Complaint (Filing No. 45).  For the reasons explained below, the motion will be granted, in part.

**BACKGROUND**

On January 29, 2020, Plaintiff filed suit alleging (1) violation of its rights under the Food Security Act of 1985, 7 U.S.C. § 1631; (2) negligent disregard of its security interest in certain cattle; and (3) violation of its rights as a holder in due course.  (Filing No. 1.)  Defendants moved to dismiss the action for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief could be granted or, alternatively, to transfer this case to the United States District Court for the District of Illinois.  On May 18, 2020, Defendants' motions were denied, and Plaintiff was given leave to file an amended complaint to correct an erroneous statutory reference in the Complaint.  Plaintiff filed its Amended Complaint on May 19, 2020.  (Filing No. 29.)

On July 20, 2020, the parties submitted a joint Rule 26(f) report which indicated that Defendants' anticipated filing a third-party complaint.  In the Rule 26 report, the parties stated:

> [Defendants] do anticipate a need to amend pleadings or add parties. Beyond this
> contemplated filing, motions to amend pleadings or add parties will be filed by the
> current parties on or before September 14, 2020, unless agreed to by the parties or with
> leave of court following appropriate motion. Although [Plaintiff] does not hereby admit
> the merits of any Third-Party Complaint ("TPC"), [Plaintiff] before Rule 26f Report

drafts were being circulated had consented to allowing [Defendants] to filing a Third-Party Complaint if done by July 6, 2020. The July 6 date was not indicated as [Plaintiff's] proposal for a Rule 26f deadline on TPCs but rather a date with respect to which [Plaintiff] clearly was agreeable to the filing of a TPC. Although additional negotiations occurred, the parties do not attempt to summarize them but merely to indicate they now propose September 14, 2020, as the deadline and that, as before, such agreement by Plaintiff does not indicate an admission as to the merits of any TPC.

Deadlines for amendment of the new pleadings will be subject to additional conference which include any additional parties. But [Plaintiff] reserves any right to seek procedures and deadlines that do not in [Plaintiff's] view deviate from goals of speedy and inexpensive resolution of [Plaintiff's] Complaint. See also the first full paragraph of this Report about the impact if any of a Third-Party Complaint on progression of [Plaintiff's] case in chief.

(Filing No. 39.)  The first paragraph of the Rule 26(f) report provided:

The parties discussed the case and jointly make the following report: Counsel for Defendants . . . believes that additional deadline discussion and, perhaps, a supplemental Rule 26(f) report is appropriate. As noted in section VI.B. below, [Defendants] intend to file a Third-Party Complaint joining additional parties to this matter. Once those parties are joined, they will need input on the progression of this matter. Nonetheless, some of this rule 26(f) report will be unaffected by the filing. [Plaintiff] believes that any such Third-Party Complaint needs to be proposed or filed promptly to reduce prejudice to [Plaintiff] delays association with third party pleading may cause. [Plaintiff] also believes a Third-Party Complaint should not slow resolution of the case in chief ([Plaintiff's] claims against [Defendants]) because such Third-Party Complaint appears at core to be one for indemnification or contribution and, in any event, damages of [Defendant] would not exist and/or be liquidated until [Plaintiff's] Complaint is resolved.  [Defendants] disagree with the preceding sentence.

(Filing No. 39.)

Based on the information contained in the Rule 26(f) report, a progression order was entered setting September 14, 2020 as the deadline for moving to amend pleadings and/or add parties.  (Filing No. 40.)  Defendants' Motion for Leave to File Third-Party Complaint (Filing No. 45) was filed on September 14, 2020.

## DISCUSSION

Defendants request leave to file a third-party complaint to assert claims for contribution, indemnity, unjust enrichment, breach of contract, promissory estoppel, fraud in the inducement, fraudulent misrepresentation, civil conspiracy, and aiding and abetting against Nathan Kolterman

2

(Kolterman") and Mark Ray ("Ray").   Defendants maintain they should be permitted to add Kolterman and Ray as third-party defendants because Kolterman and Ray may be liable to them for all or part of Plaintiff's claims.

Plaintiff opposes Defendants' motion arguing Defendants' claims against Ray and/or Kolterman are distinct from Plaintiff's claims against Defendant.   Plaintiff also argues the proposed third-party complaint fails to allege cognizable claims that would shift liability to Kolterman and Ray.   Moreover, Plaintiff argues Defendants' claims are futile as to Ray because all claims against him have been enjoined.   Therefore, according to Plaintiff, Defendants would not be able to serve Ray with process or otherwise proceed against him. Plaintiff contends that if this Court allows Defendants to proceed against Ray, it could result in a stay of the entire lawsuit. For these reasons, Plaintiff maintains inserting Defendants' claims against Ray and Kolterman into this suit would unduly complicate and prolong this litigation.

Pursuant to Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).   A party seeking to file a third-party complaint must obtain leave of court prior to filing if the third-party complaint would be filed more than 14 days after service of its answer. *Id.*   The purpose of Rule 14 is to "avoid a circuity of actions and a multiplicity of suits . . . in order that all related claims may be disposed of in one action . . . and thereby simplify, and expedite, the litigation process." *United States v. J & D Enterprises of Duluth*, 955 F. Supp. 1153, 1156 (D. Minn. 1997) (citations omitted).   "Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted." *Payne v. Beef Products, Inc.,* No. 8:10CV33, 2010 WL 3909460, at *2 (D. Neb. Sept. 30, 2010) (quoting *Agrashell, Inc. v. Hammons Prods. Co.,* 352 F.2d 443, 448 (8th Cir.1965)).

In determining the merits of a motion to add third-party defendants under Rule 14, courts consider the criteria for granting a motion to amend under Federal Rule of Civil Procedure 15. *Payne,* 2010 WL 3909460, at *2.   Under Rule 15, a court should grant leave to amend a pleading freely "when justice so requires." Fed. R. Civ. P. 15.   However, there is no absolute right to amend. *Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 841 (8th Cir. 2004).   Denial of leave to amend "may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or

3

unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557 (8th Cir. 2006) (quotation omitted).

In this suit, Plaintiff alleges that it entered into a security agreement with Kolterman in 2016 which gave Plaintiff an interest in Kolterman's farm products. According to the Amended Complaint, in 2018, Defendant LAO bought cattle from Kolterman and/or acted as a sales agent for purchasers of cattle from Kolterman. Plaintiff alleges Defendants did not honor Plaintiff's security interest in the cattle and made checks for the purchases solely payable to Kolterman. Plaintiff further alleges that on October 24, 2018, Kolterman deposited checks into his account at Plaintiff for which Lowderman was the drawer. Plaintiff accepted the checks for deposit into Kolterman's account and made the funds available to Kolterman. The Amended Complaint alleges Lowderman did not pay or cause his payer bank to pay the checks, but rather made a stop payment direction for the checks.

Defendants allege in their proposed third-party complaint that they had an agreement with Kolterman and Ray and, as part of that agreement, Defendants provided Kolterman and Ray blank checks for the sale and purchase of cattle. Defendants allege Kolterman and Ray breached the agreement and intended to defraud Defendants of their money by cashing the checks without buying or selling cattle. Defendants claim Kolterman and/or Ray are liable for all or a portion of Plaintiff's damages because they (1) failed to notify Defendants of Plaintiff's security interest in the cattle; (2) took possession of the funds made available by Plaintiff and failed to return those funds; (3) engaged in furthering and perpetuating an illegal check kiting scheme; and (4) conducted and perpetuated a fraudulent scheme.

Having considered the matter, the Court will grant Defendants leave to file a third-party complaint against Kolterman. Kolterman is a central figure in the allegations underlying this suit as set out in the Amended Complaint. It appears to the Court that discovery related to Plaintiff's claims against Defendants and Defendants' proposed third-party claims against Kolterman would significantly overlap.

Moreover, Plaintiff would not be prejudiced by the filing of a third-party complaint. At the time the Rule 26(f) report was filed, Plaintiff was aware Defendants planned to file a third-

4

party complaint, which Plaintiff was agreeable to if done before July 6, 2020.  The Rule 26(f) report indicates the parties met and conferred regarding Defendants being allowed to file a third-party complaint past July 6, 2020.  Based on these conversations, the parties agreed to propose to the Court that September 14, 2020 be the deadline for filing a third-party complaint.[1]  Therefore, the Court set the deadline to amend or add parties as September 14, 2020.  Defendants timely moved to file a third-amended complaint by the parties' agreed-upon deadline for amending pleadings and/or adding parties.

Although the litigation process stemming from the fact-set presented in this case will be simplified and expedited by allowing Defendants to file a third-party complaint against Kolterman, the same is not true with respect to Defendants' proposed claims against Ray.  On October 10, 2019, the United States District Court for the District of Colorado entered a Consent Bifurcated Judgment in an action brought by the United States Securities and Exchange Commission against Ray.  The Bifurcated Judgment enjoins and stays all civil legal proceedings of any nature (referred to as "Ancillary Proceedings") involving "(a) the *Settling Defendants* whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise or (b) any of the Frozen Assets, wherever located."  *See Securities & Exch. Comm'n v. Ray*, No. 19CV2789, Filing No. 11 (D. Colo. Oct. 10, 2019) (emphasis added).  The Bifurcated Judgement further provides:

> The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, *including, but not limited to, the issuance or employment of process.*
>
> *All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.*  Further, as to a cause of action accrued or accruing in favor of one or more of the *Settling Defendants* against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

*Id.* (emphasis added).  On September 30, 2019, a Colorado state district court entered an order appointing a Receiver for Ray.  This order also stays and enjoins certain legal proceedings:

---

[1] This agreement did not indicate an admission as to the merits of the third-party complaint by Plaintiff.

> All claims and demands against the Estate, the Receiver, or the Estate shall be brought in this Court. No equitable proceeding or enforcement process in any court or tribunal in this Jurisdiction shall be commenced or continued against the Receiver except with the written consent of the Receiver or upon order of this Court. All actions within this Jurisdiction whether legal or equitable in nature or which purport to seek equitable relief against the Receiver, the Stipulating Defendants, or the Estate are hereby stayed pending further action of this Court. *No new actions, whether legal or equitable in nature, shall be brought against the Receiver, the Stipulating Defendants,[2] or the Estate without the party seeking to bring such action first obtaining permission of this Court.*

*See Henderson State Bank v. Universal Herbs, LLC,* 4:19CV3070, Filing No. 18-1 (D. Neb. 2019) (emphasis added).

If Defendants were granted leave to bring Ray into this suit, the injunctions and stays ordered by the Colorado courts could complicate and delay this litigation.  Defendants maintain that the Bifurcated Judgment would not impact this action because the Bifurcated Judgment only stays/enjoins actions against Ray's affiliated entities, not to Ray himself, because Ray is not a "Settling Defendant" as defined in the Bifurcated Judgment.  While the Bifurcated Judgment, standing alone, could be interpreted as argued by Defendants, the consent for the entry of the Bifurcated Judgment filed by the parties in that suit clearly identifies Ray as a "Settling Defendant." *See Securities & Exch. Comm'n v. Ray*, No. 19CV2789, Filing No. 3-3 (D. Colo. Oct. 10, 2019).   Therefore, Defendants' proposed interpretation of the Bifurcated Judgment is unpersuasive.  Because allowing Ray to be added this suit raises at least the potential for this action to be stayed, enjoined, or at the very least delayed due to possible complications arising from the stays or injunctions, Defendants' request to file a third-party complaint against Ray will be denied.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Third-Party Complaint (Filing No. 45) is granted, in part.  Defendants shall file their proposed third-party complaint against Kolterman by January 29, 2021.  Defendants' request to file a third-party complaint against Ray is denied.  The parties shall submit revised case progression deadlines to

---

[2] The order identifies Ray as a "Stipulating Defendant."

bazis@ned.uscourts.gov within fourteen days of the filing of the responsive pleading to the third-party complaint.

      Dated this 22nd day of January, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge
