IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENDERSON STATE BANK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTE LOWDERMAN, and LOWDERMAN AUCTION OPTIONS, INC.,<br><br>Defendants. | 8:20CV47<br><br>ORDER |

This matter is before the Court on Defendants Monte Lowderman and Lowderman Auction Options, Inc.'s ("Defendants") Motion for Leave to File Amended Answer to Plaintiff's First Amended Complaint. (Filing No. 106.) For the reasons explained below, the motion will be granted.

## BACKGROUND

On January 29, 2020, Plaintiff filed suit alleging (1) violation of its rights under the Food Security Act of 1985, 7 U.S.C. § 1631; (2) negligent disregard of its security interest in certain cattle; and (3) violation of its rights as a holder in due course. (Filing No. 1.) Defendants moved to dismiss the action for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief could be granted or, alternatively, to transfer this case to the United States District Court for the District of Illinois. On May 18, 2020, Defendants' motion was denied, and Plaintiff was given leave to file an amended complaint to correct an erroneous statutory reference in the Complaint. Plaintiff filed its Amended Complaint on May 19, 2020. (Filing No. 29.)

Defendants filed their Answer to Plaintiff's First Amended Complaint (Filing No. 30) on June 2, 2020.

On July 21, 2020, a progression order was entered setting September 14, 2020 as the deadline for moving to amend pleadings and/or add parties. (Filing No. 40.) An amended progression order was entered on April 14, 2021 which extended the deadline for amending pleadings to "add additional facts" to June 30, 2021. (Filing No. 99.) The amended progression order stated that the new June 30, 2021 deadline did "not extend to adding affirmative defenses or adding parties with respect to original party claims." (Id.) The parties later stipulated to an extension of the June 30, 2021 deadline to August 2, 2021. Defendants filed the instant Motion for Leave to File Amended Answer on August 2, 2021. (Filing No. 106.)

## DISCUSSION

Defendants seek to add several paragraphs and sub-paragraphs to the affirmative defense section of their Answer. Defendants contend their proposed amendments only seek to include additional information regarding their previously pled entitlement to defenses, including those defenses available under Neb. Rev. Stat. U.C.C. § 3-305. Defendants maintain their proposed amended answer includes more specific allegations supporting their defenses under § 3-305, including statements regarding illegality of the transaction, fraud, lack of consideration, unauthorized fraudulent alterations, fraud in the inducement, fraudulent misrepresentation, and mistake.

Plaintiff objects to the addition of three of the paragraphs proposed by Defendants, specifically, Paragraphs 9.a, 9.b, and 13 (collectively, "Objectionable Additions"). Defendants contend Paragraphs 9.b and 13 add new defenses which are untimely under the progression order. Defendants also argue that amending the Answer to include the Objectionable Additions would be futile because they are not sufficiently pled to state affirmative defenses.

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

Additionally, where a party "seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BDC Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:08CV25, 2007 WL2344814, at *3 (D. Neb. Aug. 14, 2007) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.RD. 165, 166 (W.D. Mo. 1989).

      1.     <u>**Timeliness**</u>

The Court finds Defendants' motion to amend timely under the deadline set in the amended progression order and the parties' subsequent stipulated extension. The parties agreed that motions to amend to add additional factual allegations regarding affirmative defenses could be filed up to August 2, 2021. Paragraph 9 of the affirmative defenses portion of the Answer currently states: "Defendants affirmatively allege Lowderman is entitled to the defenses identified in Neb. Rev. Stat. U.C.C. § 3-305." (Filing No. 30.) Defendants' proposed new Paragraphs 9.a and 9.b provide more detail regarding *why* Defendants claim they are entitled to the defenses allowed under § 3-305. The proposed revision to Paragraph 9 starts by adding the following italicized language to the original Paragraph 9: "Defendants affirmatively allege Lowderman is entitled to the defenses identified in Neb. Rev. Stat. U.C.C. § 3-305, *including illegality of the transaction and fraud under subsection (a)(1):*." (Filing No. 106.) Revised Paragraph 9 then breaks down into discrete sections, including the objectionable sections 9.a and 9.b, which each provide additional information regarding why Defendants assert they are entitled to the defenses allowed under § 3-305.

Similarly, proposed new Paragraph 13 provides: "Defendants affirmatively allege Lowderman is entitled to the defense of mistake, available under Neb. Rev. Stat. U.C.C. § 3-305(a)(2), as a defense based on common contract principles . . ." (Filing No. 106.) Again, this new paragraph simply expounds upon Defendants' previously alleged entitlement to defenses under § 3-305. Accordingly, the Court finds Defendants' motion timely under the deadlines established in this case.

## 2. **Futility**

Plaintiff contends amendment should also be denied because the proposed amendment would be futile. Futility justifies a court's denial of leave to amend a pleading. However, a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). "[L]ikelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted).

Plaintiff maintains Paragraphs 9.a, 9.b, and 13 are insufficiently pled to state affirmative defenses. However, as stated above, these Paragraphs only add more specificity to the previously alleged affirmative defenses. Moreover, the Court is unable to conclude that the proposed new allegations are legally insufficient or clearly frivolous. The question of whether Defendant has sufficiently plead the affirmative defenses "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co*., No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008).

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Amended Answer to Plaintiff's First Amended Complaint (Filing No. 106) is granted. Defendants shall file their Amended Answer by November 15, 2021.

Dated this 10th day of November, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge